UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DANIEL LASTARZA

VS. C.A. NO.:

GENERAL MOTORS CORPORATION

**ANSWER AND JURY DEMAND OF DEFENDANT GENERAL MOTORS CORPORATION**

The defendant, General Motors Corporation ("defendant" or "GM" or "General Motors"), hereby answers the complaint as follows:

**COUNT I**

1. Denied. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Plaintiff's Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

2. Denied as stated. It is admitted only that GM is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Detroit, Michigan. General Motors further admits, as a general proposition only, that it designs in part, manufactures in part and sells motor vehicles to authorized GM dealerships.

3. Denied as stated. It is admitted only that GM is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Detroit, Michigan, and that GM does business in the State of Rhode Island.

4. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Plaintiff's Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

5. Denied. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Plaintiff's Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

6. Denied. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Plaintiff's Complaint; therefore, said allegations are denied and strict proof thereof is demanded.

7. Denied. The allegations contained in Paragraph 7 of the Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, General Motors specifically denies that the 1998 Chevrolet S10 pick-up truck referenced in the plaintiffs' Complaint was in a defective condition or unreasonably dangerous in any way when the vehicle left GM's custody and control, and otherwise denies as untrue the allegations of Paragraph 7. By way of further response, General Motors further specifically denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries or any enhanced injuries. If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same.

8. Denied. The allegations contained in Paragraph 8 of the plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, General Motors specifically denies that it was negligent in the manner described in plaintiff's Complaint or in any manner whatsoever. General Motors further specifically denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries or any enhanced injuries. If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same.

9. Denied. The allegations contained in Paragraph 9 of the plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, General Motors specifically denies that it was negligent in the manner described in plaintiff's Complaint or in any manner whatsoever, and otherwise denies as untrue the allegations of Paragraph 9.

10. Denied. The allegations contained in Paragraph 10 of the plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, General Motors specifically denies that it was negligent in the manner described in plaintiff's Complaint or in any manner whatsoever, and otherwise denies as untrue the allegations of Paragraph 10.

WHEREFORE, the defendant demands a judgment in its favor plus costs and such further relief as the court deems just and proper.

**COUNT II**

11. The defendant repeats its answers to Paragraphs 1-10 above and incorporates them herein by reference.

12. Denied. The allegations contained in Paragraph 12 of the plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, General Motors agrees only with any warranty imposed by operation of law and no other, but denies breach of same; and otherwise denies as untrue the allegations contained in Paragraph 12.

13. Denied. The allegations contained in Paragraph 13 of the plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, General Motors agrees only with any warranty imposed by operation of law and no other, but denies breach of same; and otherwise denies as untrue the allegations contained in Paragraph 13.

14. Denied. The allegations contained in Paragraph 14 of the plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, General Motors specifically denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries or any enhanced injuries. If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same.

WHEREFORE, the defendant demands a judgment in its favor plus costs and such further relief as the court deems just and proper.

**COUNT III**

15. The defendant repeats its answers to Paragraphs 1-14 above and incorporates them herein by reference.

16. Denied. The allegations contained in Paragraph 16 of the plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, General Motors agrees only with any warranty imposed by operation of law and no other, but denies breach of same; and otherwise denies as untrue the allegations contained in Paragraph 16.

17. Denied. The allegations contained in Paragraph 17 of the plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, General Motors agrees only with any warranty imposed by operation of law and no other, but denies breach of same; and otherwise denies as untrue the allegations contained in Paragraph 17.

18. Denied. The allegations contained in Paragraph 18 of the plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, General Motors specifically denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries or any enhanced injuries. If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same.

WHEREFORE, the defendant demands a judgment in its favor plus costs and such further relief as the court deems just and proper.

**COUNT IV**

19. The defendant repeats its answers to Paragraphs 1-18 above and incorporates them herein by reference.

20. Denied. The allegations contained in Paragraph 20 of the Plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, General Motors specifically denies that the 1998 Chevrolet S10 pick-up truck referenced in the plaintiffs' Complaint was in a defective condition or unreasonably dangerous in any way when the vehicle left GM's custody and control and/or that the subject vehicle lacked any warning necessary to make it safe, and otherwise denies as untrue the allegations of Paragraph 20.

21. Denied. The allegations contained in Paragraph 21 of the Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, General Motors specifically denies that any conduct on its part was the direct or proximate cause of plaintiff's alleged injuries or any enhanced injuries. If plaintiff sustained any injuries, losses or damages, General Motors denies any and all liability for same.

WHEREFORE, the defendant demands a judgment in its favor plus costs and such further relief as the court deems just and proper.

**SEPARATE DEFENSES**

**FIRST SEPARATE DEFENSE**

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND SEPARATE DEFENSE**

General Motors denies each and every allegation of negligence, breach of warranty, strict liability and wrongdoing in the complaint.

**THIRD SEPARATE DEFENSE**

GM's alleged negligence was not the proximate cause of the plaintiff's alleged injuries.

**FOURTH SEPARATE DEFENSE**

The plaintiff may be barred from recovery because the plaintiff was not in the exercise of due care at the time of the incident and his own conduct, either standing alone or combined with the negligence and/or misconduct of others, was the sole proximate cause of the plaintiff's alleged injuries.

**FIFTH SEPARATE DEFENSE**

The plaintiff's claims against General Motors should be dismissed because the plaintiff cannot establish that the alleged defect in the subject vehicle existed when it left possession, custody and control of General Motors.

**SIXTH SEPARATE DEFENSE**

The plaintiff may be barred from recovery because he assumed the risk of his activities and/or risk of a known danger.

**SEVENTH SEPARATE DEFENSE**

The plaintiff's injuries were caused by acts or omissions of persons over whom General Motors exercised no control and for whose conduct it bears no responsibility.

**EIGHTH SEPARATE DEFENSE**

The plaintiff is guilty of contributory negligence and his damages, if any, recovered by him from General Motors should be reduced in proportion to the said negligence of the plaintiff in accordance with the applicable provisions of the comparative negligence statute, R.I. Gen. Law §9-20-4.

**NINTH SEPARATE DEFENSE**

The plaintiff's alleged injuries and damages, if any, may have been caused by a superseding, intervening act which was beyond the knowledge and control of General Motors.

**TENTH SEPARATE DEFENSE**

The plaintiff's claims may be barred by the applicable statute of limitations.

**ELEVENTH SEPARATE DEFENSE**

The subject vehicle and/or subject product may have been misused either before or at the time of the occurrence of the subject incident.

**TWELFTH SEPARATE DEFENSE**

The subject vehicle and/or subject product may have been substantially altered or changed after it left the possession, custody or control of General Motors.

**THIRTEENTH SEPARATE DEFENSE**

Any damages and/or injuries which plaintiff may have sustained were cause by improper abnormal, unforeseeable and unintended use of the subject vehicle by plaintiff and/or other persons for whom General Motors is not responsible after the subject vehicle left the possession, custody and control of General Motors.

**FOURTEENTH SEPARATE DEFENSE**

The plaintiff failed to take appropriate action to mitigate his damages.

**FIFTEENTH SEPARATE DEFENSE**

Upon information and belief, the car in which the plaintiff was driving was equipped with seatbelts at the time of and immediately before the accident in issue, the plaintiff failed to fasten about himself the seatbelt provided for his use and protection, plaintiff could reasonably have avoided some or all of the injuries and damages he alleges by the use of said seat belt, the plaintiff failed to exercise ordinary care for his own safety, the plaintiff's failure to exercise ordinary care was a substantial factor in causing some or all of the injuries and damages which plaintiff alleges to have sustained.

**SIXTEENTH SEPARATE DEFENSE**

The plaintiff's claims should be dismissed because the plaintiff failed to provide General Motors with prompt notice of his claims, and his failure to provide such notice resulted in spoliation of evidence which materially prejudiced GM's ability to defend this action.

**SEVENTEENTH SEPARATE DEFENSE**

The 1998 Chevrolet S10 pick-up truck described in plaintiff's Complaint was designed and manufactured in compliance with congressionally enacted safety standards.

**EIGHTEENTH SEPARATE DEFENSE**

The 1998 Chevrolet S10 pick-up truck described in plaintiff's Complaint was designed and manufactured in conformity with the prevailing scientific and technological knowledge at the time the vehicle left the possession and/or control of General Motors.

**NINETEENTH SEPARATE DEFENSE**

The 1998 Chevrolet S10 pick-up truck described in plaintiff's Complaint should have been delivered to the purchaser with a written Limited New Car Warranty. Said warranty speaks for itself and General Motors hereby pleads the limitations contained in said warranty.

**TWENTIETH SEPARATE DEFENSE**

Plaintiff's breach of warranty claim may be barred by his failure to supply General Motors with timely notice as required by the provisions of the Uniform Commercial Code.

**TWENTY-FIRST SEPARATE DEFENSE**

General Motors hereby gives notice that it intends to rely upon such other defenses as may become available or appear during the discovery period proceedings in this case and hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, the defendant demands judgment against the plaintiff together with interest and costs.

**JURY DEMAND**

The defendant demands a trial by jury on all applicable issues raised herein.

**GENERAL MOTORS CORPORATION,**

By Its Attorneys,

Timothy J. Duggan (#4574)
Duggan & Caccavaro
520 Providence Highway
Suite 4
Norwood, MA 02062
(781)762-0077

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was served via first class mail, postage prepaid, on Thomas F. Ginnerty, Esq., 335 Broadway, Providence, RI 02909 on September 11, 2007.

Timothy J. Duggan